UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN D. KOCHER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-00746-SEB-MPB ) |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) ) |

# REPORT AND RECOMMENDATION ON
# APPROPRIATE DISPOSITION OF THE ACTION

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to its appropriate disposition. (Docket No. 21). Plaintiff Shaun Kocher seeks judicial review of the Social Security Administration's final decision deeming him ineligible for Disability Insurance Benefits and Supplemental Security Income. Plaintiff filed his initial brief on August 5, 2016. (Docket No. 18). Thereafter, without otherwise responding to Plaintiff's brief, the Commissioner filed a Motion to Remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 25). The Motion to Remand the case is now fully briefed, with a response, a reply, and a surreply on file. (Docket No. 26; Docket No. 27; Docket No. 31[1]). In regards to the *Motion to Remand*, it is recommended that the District Judge **REVERSE and REMAND** the decision of the

---

[1] Plaintiff filed a *Motion for Leave to File Plaintiff's Surreply to Defendant's Reply* on January 12, 2017. (Docket No. 31). The proposed surreply was attached. (Docket No. 31-2). The court granted Plaintiff's motion on January 19, 2017, providing Plaintiff five days to file the surreply as a separate entry. This Report and Recommendation was entered before those five days passed.

Commissioner of the Social Security Administration finding that Plaintiff Shaun Kocher is not disabled, pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration, consistent with this opinion.

**Introduction**

Mr. Kocher filed an application for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income disability benefits under Title XVI of the Social Security Act in June 2010, alleging that he became disabled on November 10, 2009. At. Mr. Kocher's request, a hearing was held on September 6, 2011, before Administrative Law Judge (ALJ) Julia Gibbs, where Mr. Kocher appeared and testified. On November 22, 2011, ALJ Gibbs issued a decision concluding that Mr. Kocher was not disabled. On April 1, 2013, ALJ Gibbs's November 22, 2011, decision became the Commissioner's "final decision" subject to judicial review when the Appeals Council denied Mr. Kocher's request for review. 20 C.F.R. § 422.210(a). Mr. Kocher did not seek judicial review of ALJ Gibbs's decision, therefore, that decision is a final and binding determination of Mr. Kocher's disability claim through November 22, 2011. 20 C.F.R. § 404.955.

Mr. Kocher reapplied for Disability Insurance Benefits and Supplemental Security Income disability benefits in May 2013. On May 1, 2014, Mr. Kocher moved to amend his alleged onset date to November 23, 2011, i.e., the day after ALJ Gibbs's November 22, 2011, decision. After his 2013 applications were denied initially and on reconsideration, at his request Mr. Kocher and vocational-expert Brian Womer appeared and testified at a video-teleconference administrative hearing before ALJ Angela Miranda. On October 24, 2014, ALJ Miranda issued a decision that Mr. Kocher was not disabled. On February 19, 2016, ALJ Miranda's October 24, 2014, decision became the Commissioner's "final decision" subject to judicial review when the

Appeals Council denied Mr. Kocher's request for review. 20 C.F.R. § 422.210(a). On April 4, 2016, Mr. Kocher timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

## **Procedural History Before District Court**

On August 5, 2016, Mr. Kocher filed his brief raising three issues in his appeal of the Commissioners final decision. These are:

1. Does substantial evidence support the ALJ's omission from her RFC assessment any limitation with respect to the neck motion of Plaintiff, Shaun D. Kocher?
2. Did ALJ Miranda comply with *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010) and its progeny?
3. Does substantial evidence support ALJ Miranda's finding that Mr. Kocher could frequently handle and finger with his left hand?

(Docket No. 18 at ECF p. 1). Kocher requested the Court enter judgment under sentence four of 42 U.S.C. §405(g), reversing the Commissioner's final decision with a remand for a rehearing, i.e., for further administrative proceedings.

In lieu of filing a standard response brief, the Commissioner filed a Motion to Remand also pursuant to sentence four of 42 U.S.C. §405(g), requesting that on remand the ALJ will offer Plaintiff the opportunity for a hearing and to submit additional evidence and arguments, re-determine Plaintiff's RFC, and issue a new decision. (Docket No. 25 at ECF p. 1). Mr. Kocher responded to this motion stating that he agreed with the general relief requested by the Commissioner, but asserted the remand order should include language correcting the alleged errors he outlined in his initial brief, cited above. (Docket No. 26 at ECF p. 3). The Commissioner disagrees as she asserts that not all of Mr. Kocher's requests are supported by the record. (Docket No. 27 at ECF p. 2). Specifically, while the Commissioner did not object to Mr.

Kocher's second issue, above, and she argues that the ALJ did not err by failing omitting the additional limitations Mr. Kocher request be included in the RFC. ([Docket No. 27](#)).

On January 13, 2017, the court held a telephonic status conference to discuss the remand motion. ([Docket No. 33](#)). Both parties again agreed that remand was the proper, but were unable to come to an agreement on the remand language related to issues one and three, above. Both parties agreed that remand at this stage was a more efficient use of parties' resources than the alternative of finishing the briefing schedule in the instant appeal, because the parties believed that a remand was inevitable. Based on these facts, the court provided leave for the Plaintiff to submit an amended, proposed order that aligned with proposed remand language discussed during the telephonic status conference.

On January 20, 2017, Plaintiff filed his amended, proposed order that the Commissioner's final decision be reversed with a remand for a rehearing, i.e., for further administrative proceedings, under sentence four of [42 U.S.C. §405(g)](#), and that judgment be entered pursuant to [Federal Rule of Civil Procedure 58](#). ([Docket No. 34-1](#)). Further, on remand it instructs the ALJ to:

1. Offer Plaintiff the opportunity to appear and testify at an oral hearing;
2. Allow Plaintiff to submit additional evidence and arguments;
3. Consider examining physician Dr. Singh's medical source statement as well as his findings regarding Plaintiff's ranges of cervical-spine motion;
4. Comply with *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010), including by properly evaluating treating physician Dr. Lynch-Jackson's and treating psychiatrist Dr. Polavarapu's opinions about Plaintiff's mental limitations;
5. Evaluate treating physician Dr. Lynch-Jackson's opinions about Plaintiff's left-hand handling and fingering; and
6. Render a new decision.

([Docket No. 34-1 at ECF pp. 1-2](#)). This proposed order also included language that nothing in the Order requires the ALJ on remand to include in his or her residual functional capacity assessment any specific limitation. *Id.*

## **Analysis**

This matter is in a procedurally unconventional position, given that the Commissioner has agreed to remand after answering, therefore abdicating her opportunity to remand for "good cause" under sentence six of Section 205(g) of the Social Security Act, but the parties have been unable to agree as to the remand language. The parties agreed during the telephonic status conference that finishing the briefing for this court's determination based on the current record would be an inefficient use of resources. Therefore, after discussing the remand language with the parties, Plaintiff submitted the above language on leave from the court. The court finds that the language balances the parties' concerns, while also saving significant resources in moving forward with a seemingly futile review of the current record. The proposed language will not "hamstring" the ALJ by requiring her to include any limitations within her new RFC analysis, nor does the language represent legal error findings from this court.

## **Conclusion**

For all these reasons, the Magistrate Judge recommends that the Court **GRANT in part** the Commissioner's Motion to Remand ([Docket No. 25](#)) and that this case be remanded pursuant to sentence four of 42 U.S.C.(g) for further consideration, consistent with this opinion and consistent with the proposed remand language in Plaintiff's January 20, 2017, proposed order, as outlined above.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within

fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

      **SO RECOMMENDED** the 24th day of January, 2017.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.